UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY P., | Case No.: 22-cv-00113-DEB |
| Plaintiff, | **ORDER:** |
| v. | |
| KILOLO KIJAKAZI, | **(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND** |
| Acting Commissioner of Social Security | |
| Defendant. | **(2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |
| | **[DKT. NOS. 14, 17]** |

## I.     INTRODUCTION

Plaintiff Billy P. seeks review of the Commissioner of Social Security's denial of his application for disability benefits. Dkt. No. 1. The parties filed cross-motions for Summary Judgment. Dkt. Nos. 14, 17.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Cross-Motion for Summary Judgment.

/ /

/ /

## II.    PROCEDURAL BACKGROUND

On March 15, 2018, Plaintiff applied for disability and supplemental security income benefits alleging disability beginning December 15, 2015. AR 19. On April 28, 2020, Plaintiff amended his alleged onset date to September 23, 2016. AR 19. The Commissioner denied Plaintiff's claim initially and on reconsideration. AR 138–53, 161.

Plaintiff requested an Administrative Law Judge ("ALJ") hearing (AR 192–93), which the ALJ held on January 12, 2021 (AR 58–137). Following the hearing, the ALJ issued a decision finding Plaintiff not disabled. AR 19–36.

The Appeals Council denied Plaintiff's request for review (AR 1–6), and this case followed.

## III.    SUMMARY OF ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520. At step one, the ALJ found Plaintiff had "not engage[d] in substantial gainful activity during the period from his alleged onset date of September 23, 2016, through his date last insured of June 30, 2019." AR 22.

At step two, the ALJ found Plaintiff had the following medically determinable severe impairments: diabetes mellitus and degenerative joint disease. *Id.* The ALJ found Plaintiff's anxiety disorder, mood disorder, and post-traumatic stress disorder impairments were not severe. AR 22–28. The ALJ determined Plaintiff's limitations in all four mental health functional areas were mild. AR 22–23.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled those in the Commissioner's Listing of Impairments. AR 28.

Before proceeding to step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform medium work. *Id.* The ALJ determined Plaintiff could "frequently climb ramps and stairs, occasionally climb ladders, but never climb ropes or scaffolding. He could frequently balance, stoop or crouch. He could occasionally kneel

or crawl . . . . He could frequently reach, handle, and finger bilaterally. He should have avoided work at unprotected heights." *Id.*

At step four, the ALJ found Plaintiff "was capable of performing past relevant work as a chauffeur." AR 33. The ALJ, therefore, concluded Plaintiff was not disabled and did not proceed to step five. *Id.*

## IV.   STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla but, less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (internal quotation marks and citation omitted). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Plaintiff filed his claim after March 27, 2017; therefore, the 2017 amendments governing medical opinions apply. *Woods v. Kijakazi*, 32 F.4th 785, 789 (9th Cir. 2022). Under those amendments, the SSA "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from . . . medical sources." 20 C.F.R. § 404.1520c(a). Instead, all medical opinions are evaluated based on supportability, consistency, relationship with the claimant, specialization, and other factors. *Id.* § 404.1520c(c). The SSA is required to explain how it considered the most important factors, supportability and consistency, but

is not required to explain how it considered the other factors. *Id.* § 404.1520c(b)(2). Supportability means a medical source must support the opinion by explaining the "relevant . . . objective medical evidence." *Woods*, 32 F.4th at 791. Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* at 791–92 (internal citations omitted).

"Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Id.* at 792. The ALJ must "articulate . . . how persuasive" the ALJ finds "all of the medical opinions." 20 C.F.R. § 404.1520c(b).

The Court will not reverse for a harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (2015) ("ALJ errors in social security cases are harmless if they are inconsequential to the ultimate no disability determination . . . .") (internal citations and quotations omitted).

## V.   DISCUSSION

Plaintiff claims the ALJ: (1) improperly discounted Dr. Nitin Paul Dhiman's opinion regarding Plaintiff's physical disabilities; (2) improperly evaluated the opinions of Drs. Brady Dalton, Psy.D., Norman Zukowsky, Ph.D., and Jaga Nath Glassman, M.D., regarding Plaintiff's mental disabilities; and (3) included "inaccurate citations" to the record in the written decision. Dkt. No. 14-1 at 3–9. The Court addresses each in turn and finds no error.

### A. **Dr. Dhiman**

Dr. Dhiman is a state agency consultant who reviewed the record and testified at the ALJ hearing. AR 65. Dr. Dhiman testified that Plaintiff has "diabetes mellitus, high blood pressure, high cholesterol, and osteoarthritis of the knees and of the hips . . . ." *Id.* Dr. Dhiman opined that Plaintiff is limited to light exertion work and, at most, Plaintiff may: occasionally lift and carry up to 20 pounds; frequently lift and carry up to 10 pounds; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch and crawl; and frequently reach in all other directions. AR 65–66.

The ALJ found Dr. Dhiman's opinion "unpersuasive because it is inconsistent with the record as a whole," including: (1) documentation that Plaintiff recovered from his left knee surgery; (2) evidence that Plaintiff's right knee abnormalities did not manifest until shortly before the date Plaintiff was last insured; (3) a lack of objective evidence corroborating diminished strength, gait disturbances and/or joint instability; (4) evidence (i.e., shoulder imaging and negative clinical signs) showing a generally intact range of motion, full strength, and only mild impingement; (5) reports evidencing that Plaintiff regularly exercised and lifted weights; and (6) Plaintiff's testimony that he can bench press 100 pounds. AR 33. Regarding supportability, the ALJ found Dr. Dhiman's opinion unsupported because he did not consider objective evidence, symptom reports, medically determinable impairments, and Plaintiff's activities of daily living. *Id.*

Plaintiff contends the ALJ erred by: (1) failing to explain the nexus between bench pressing 100 pounds and lifting and/or carrying; (2) improperly concluding Dr. Dhiman did not consider Plaintiff's activities of daily living; and (3) not sufficiently and accurately explaining the reasons for rejecting Dr. Dhiman's opinion. Dkt. No. 14-1 at 6–9.

The inconsistency between Plaintiff's testimony that he can bench press 100 pounds and Dr. Dhiman's opinion that Plaintiff is limited to only occasionally lifting and carrying up to 20 pounds is self-evident. As the ALJ explained, Dr. Dhiman's opinion that Plaintiff is limited to light exertion work (i.e., lifting and carrying 20 pounds occasionally and up to 10 pounds frequently) is inconsistent with evidence in the record establishing that Plaintiff regularly exercises and lifts weights, including Plaintiff's own testimony that he can bench press 100 pounds. AR 33 (citing AR 1419, 1426 (Exhibit 8F), AR 1600 (Exhibit 11F), 1735 (Exhibit 14F)). Regarding Plaintiff's argument that lifting and carrying is different from bench pressing (Dkt. No. 14–1 at 6–7), the relevant point is the record contains substantial evidence establishing that Plaintiff's overall strength and level of activity is significantly greater than what Dr. Dhiman opined.

Plaintiff next contends the ALJ's finding that Dr. Dhiman did not consider Plaintiff's activities of daily living is not supported by substantial evidence. Dkt. No. 14-1 at 8.

Plaintiff specifically claims Dr. Dhiman did not hear Plaintiff's testimony about daily activities (because Dr. Dhiman testified after Plaintiff) and the ALJ did not ask Dr. Dhiman about Plaintiff's daily activities. Although Plaintiff accurately sets out the order of testimony at the ALJ hearing, it does not undermine the accuracy of the ALJ's point: Dr. Dhiman did not discuss Plaintiff's activities of daily living, some of which are described in other parts of the record that were available to Dr. Dhiman before he testified.

Finally, Plaintiff argues "[t]he ALJ did not provide a decision that permits meaningful review of the reasons for rejecting [Dr. Dhiman]" and "gave reasons that were either completely wrong, or unreasonable." Dkt. No. 14-1 at 9. To the contrary, the ALJ discussed the reasons for rejecting Dr. Dhiman's opinion at length and supported those reasons with citations to the record. AR 32–33.

In sum, the ALJ considered and evaluated Dr. Dhiman's opinion against other evidence in the record and concluded Plaintiff's physical limitations were less limited than what Dr. Dhiman opined. This both complies with the articulation requirement of 20 C.F.R. § 416.920c(b) and constitutes substantial evidence supporting the ALJ's conclusion. *See Johnson v. Kijakazi*, No. 21-35755, 2022 WL 3998572, at *1 (9th Cir. Aug. 11, 2022) (no error where the ALJ sufficiently articulated the reasons for rejecting a medical opinion and those reasons were supported by substantial evidence in the record).

## B.  Drs. Dalton, Zukowsky, and Glassman

Plaintiff next the challenges the ALJ's treatment of three opinions (Drs. Dalton, Zukowsky, and Glassman)  regarding Plaintiff's mental health limitations. Dkt. No. 14-1 at 9–16.

When evaluating alleged mental disabilities at step two, the ALJ must consider four functional areas: "understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ must then rate the degree of limitation on a five-point scale: "[n]one, mild, moderate, marked, and extreme." 20 C.F.R. §§ 4041520a(c)(4), 416.920a(c)(4). "When [the ALJ] rate[s] the degrees of [] limitation as

22-cv-00113-DEB

'none' or 'mild,' [the ALJ] generally conclude[s] that [the] impairment is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Contrary to Dr. Dalton's and Dr. Zukowsky's (and consistent with Dr. Glassman's) opinions, the ALJ determined that Plaintiff's limitations in all four functional areas were mild. AR 22–23. The Court finds the ALJ's finding of mild limitations is supported by substantial evidence.

### 1. Drs. Dalton and Zukowsky

Drs. Dalton and Zukowsky are state agency consultants. Dr. Dalton reviewed the record in September 2018, and Dr. Zukowsky reviewed the record in May 2019. AR 26, 150, 167. Unlike the ALJ (who found only mild limitations), both Drs. Dalton and Zukowsky opined that Plaintiff has moderate limitations in his ability to: maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or in proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others. AR 148–50, 166–67.

The ALJ found Dr. Dalton's and Dr. Zukowsky's opinions "unpersuasive because they are inconsistent with the record as a whole." AR 26. The ALJ relied on the "dearth of significant positive objective signs in treatment records." AR 26–27. The ALJ also found their opinions unsupported because they "do not cite significant objective medical signs to corroborate the stated limitations" and "do not properly address the activities of daily living and work activity confirmed by the evidence." AR 27.

1    Plaintiff contends "the findings/opinions of the state agency mental health

2    professionals are substantial evidence for the existence of severe mental impairment." Dkt.

3    No. 14-1 at 16. Plaintiff specifically argues: (1) Dr. Dalton's and Dr. Zukowsky's opinions

4    are supported by and consistent with the medical evidence; (2) the ALJ failed to consider

5    additional factors because Drs. Dalton, Zukowsky, and Glassman are equally persuasive;

6    and (3) the ALJ improperly relied on evidence of daily and work activities that "fail to

7    meet a threshold of having application in a work setting." *Id.* at 14–16.

8    In rejecting both Dr. Dalton's and Dr. Zukowsky's opinions as inconsistent with and

9    unsupported by the record, the ALJ concluded:

10       [Plaintiff] consistently presented with normal dress and grooming and
11       maintained good eye contact during examinations. He also repeatedly
         exhibited normal attention and displayed normal psychomotor activity. He
12       consistently displayed linear and logical thought processes. There were no
13       signs of abnormal thought content such as delusions or hallucinations. He also
         consistently exhibited normal cognition without objective signs of diminished
14       memory. He was also calm and cooperative during examinations and at times,
15       there were no signs of anxiety. At times, he also exhibited an appropriate
         mood and affect. He was also consistently assessed with good insight and
16       judgment. Notably there is no evidence of psychiatric emergencies or
17       hospitalizations during the adjudicatory period. The severity rating is also
         generally inconsistent with documented activities of daily living, including
18       work activity, adherence to an exercise regimen, and dictation of a book . . . .

19   AR 26–27 (internal citations omitted).

20   The record contains substantial evidence supporting the ALJ's conclusions. Multiple

21   treatment notes demonstrate Plaintiff: is fully engaged and attentive; can use good insight

22   and judgment to solve problems; maintains appearance and hygiene; and appears "jovial,"

23   "calm and cooperative," and "smile[s] and laugh[s] nicely." AR 75, 77, 433, 606, 635, 679,

24   710, 822, 834, 854, 1426–28, 1735. The record further documents that Plaintiff's irritability

25   and "outbursts" decreased over time, he drove a limo for his company, he wrote a book,

26   and shared his experiences during medical visits. AR 92–98, 606, 635, 715–16, 829, 833,

27   853.

28

8

Plaintiff also contends the ALJ improperly relied on evidence of daily and work activities that "fail to meet a threshold of having application in a work setting." Dkt. No. 14-1 at 15. As discussed above, however, substantial evidence in the record supports the ALJ's conclusions that Plaintiff can exercise at the gym, be attentive, maintain general appearance, and exhibit social capabilities during medical examinations, all of which transfer to Plaintiff's ability to concentrate, maintain attention and pace, and interact with others in a work environment.

In sum, the ALJ's rejection of Dr. Dalton's and Dr. Zukowsky's opinions is supported by substantial evidence in the record. The Court, therefore, finds no legal error in the ALJ's treatment of their opinions. *See Toback v. Kijakazi*, No. 22-15243, 2023 WL 4261284, at *1 (9th Cir. June 29, 2023) (no error where the ALJ "provided valid reasons supported by substantial evidence . . . including . . . how much weight to give to each opinion"); *Woods*, 32 F.4th at 787 ("[A]n ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence.").

### 2. Dr. Glassman

Dr. Glassman also conducted a consultative psychiatric evaluation of Plaintiff. AR 27, 431. Dr. Glassman found Plaintiff has mild impairments getting along with others; behaving in a socially appropriate manner; maintaining concentration, persistence, and pace; and adapting to changes and stresses in a workplace setting. AR 436. Dr. Glassman concluded Plaintiff is "capable of understanding and following at least simple instructions" and "managing his own funds." *Id.*

The ALJ found Dr. Glassman's opinion "persuasive because it is consistent with the record evidence during the relevant period as well as Dr. Glassman's own examination findings." AR 27. The ALJ further concluded that "Dr. Glassman's objective clinical observations . . . also support the lack of more restrictive limitations." *Id.*

Plaintiff alleges the ALJ's reliance on Dr. Glassman's opinion is error because Dr. Glassman examined Plaintiff on September 13, 2016, which predates the alleged September 23, 2016 disability onset date. Dkt. No. 14-1 at 12–13. *See Carmickle v.*

*Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

Any such error, however, is harmless. Dr. Glassman's opinion (rendered on September 13, 2016) predates the amended date of onset by only ten days. And it was well within the period of alleged disability (originally alleged to be December 15, 2015) until Plaintiff amended the date of alleged onset on April 28, 2020. Further, the ALJ's mild impairment findings do not rely solely on Dr. Glassman. The ALJ considered, evaluated, and cited substantial objective record evidence to determine Plaintiff's mental severity, including substantial evidence that postdates even the amended onset date. AR 22–28. Any error in the ALJ's consideration of Dr. Glassman's opinion, therefore, is inconsequential to the ultimate disability conclusion. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) ( mistakes "nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" are "harmless error").

### C. <u>Inaccurate Citations</u>

Plaintiff also contends certain "citations proffered by the ALJ . . . are inaccurate." Dkt. No. 14-1 at 7. Specifically, Plaintiff claims the ALJ's citations to AR 1419, 1426, 1600, and 1735 do not support the stated finding that Plaintiff can bench press 100 pounds. *Id.*

Although Plaintiff is correct that the citations listed above do not support the sentence that immediately precedes them, any such error is harmless. *See Stout*, 454 F.3d at 1055. The citations at issue support the previous sentence in the ALJ's decision, which finds a light work limitation inconsistent with reports that Plaintiff "regularly exercised and lifted weights." AR 33. The record also contains documentation that Plaintiff can bench press 100 pounds. *See* AR 107 (Plaintiff's testimony stating "I used to bench about 250 and I can barely do 100 pounds now").

Plaintiff's reliance on *Regennitter v. Comm'r*, 166 F.3d 1294 (9th Cir. 1999), is misplaced. Dkt. No. 14-1 at 7. In *Regennitter*, the Court found the ALJ discounted plaintiff's testimony for inaccurate and irrelevant reasons. *Regennitter*, 166 F.3d at 1298.

22-cv-00113-DEB

*Regennitter* is distinguishable from this case, where the ALJ's statement was supported by the record and (at most) the ALJ simply cited the wrong pages. These types of clerical errors are harmless. *See, e.g., Samuel Z. v. Kijakazi*, No. 8:20-cv-01924-SP, 2022 WL 4842936, at *3 n.3 (C.D. Cal. Sept. 30, 2022) ("A typographical error does not undermine an entire decision."); *Baglio v. Saul*, No. 18-cv-04294-HSG, 2020 WL 2733919, at *9 (N.D. Cal. May 26, 2020) (finding the ALJ's citation to the wrong exhibit was merely a typo).

## VI.   CONCLUSION

The Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Cross-Motion for Summary Judgment. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: September 28, 2023

Daniel E. Butcher
United States Magistrate Judge